1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICIA SEXTON,

11           Plaintiff,                    No. CIV S-06-2792 DFL EFB PS

12       vs.

13   BEAU OF FEDERAL
     INVESTIGATION,                    FINDINGS AND RECOMMENDATIONS
14
             Defendant.
15   _____/

16       This action, in which plaintiff is proceeding pro se, was referred to the undersigned by

17   Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

18       On January 10, 2007, the court granted plaintiff's application to proceed *in forma*

19   *pauperis* and dismissed her complaint with thirty days leave to amend.  The thirty-day period

20   passed and plaintiff failed to file an amended complaint.  Accordingly, the court issued findings

21   and recommendations recommending that the action be dismissed without prejudice.  Plaintiff

22   filed objections to those findings and recommendations, which the court construed as a request

23   for an extension of time to file an amended complaint.  Therefore, on March 19, 2007, the court

24   vacated its findings and recommendations and granted plaintiff thirty days leave to file an

25   amended complaint.

26   ////

1

Plaintiff timely filed a two-page document that she styles as an amended complaint. However, the amended complaint fails to state any cognizable claim, nor can any of its allegations be construed as conferring jurisdiction over this action.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt that there is no set of supporting facts entitling plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Franklin*, 745 F.2d at 1230.

In its January 10, 2007, order, the court notified plaintiff of the deficiencies of the originally filed complaint, including its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 sets forth general rules of pleading for the Federal Courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a

1  short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief.

2  The amended complaint fails to meet any of these requirements.[1]

3      The amended complaint, like the original complaint, is nearly incomprehensible.[2]  It

4  contains no citation to federal law, and makes only vague allusions to various provisions of the

5  California Penal Code.  *See* Complaint, at p. 2.  Finally, plaintiff makes no demand for relief.

6  Upon review of plaintiff's amended complaint, it is clear that no amendment can cure its defects.

7      Accordingly, IT IS RECOMMENDED that:

8      1.  The complaint be dismissed without further leave to amend, and,

9      2.  The Clerk be directed to close this case.

10      These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

12  after being served with these findings and recommendations, plaintiff may file written objections

13  with the court.  Such a document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Failure to file objections within the specified time may waive

15  the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

16  1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

17  DATED:  May 21, 2007.

18

19                  EDMUND F. BRENNAN

20                  UNITED STATES MAGISTRATE JUDGE

21

22

23

24  [1]  The complaint also fails to comply with Fed. R. Civ. P. 10, governing the form of pleadings.

25  [2] Plaintiff alleges, among other things, that the "GOP has had a death hold on me, even

26  my theeth [*sic*] have been tampered with.  I've lost one dog, now I have a beautiful black lab, I know is going to die before his time."  Amended Complaint, at p.1.

3